**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 26-cv-03929-NYW

YASMANI HERNANDEZ LOPEZ,

Petitioner,

v.

JUAN BALTAZAR,
MARKWAYNE MULLIN, and
DAVID J. VENTURELLA,[1]

Respondents.

---

## MEMORANDUM OPINION AND ORDER

---

Before the Court is the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). [Doc. 1]. Respondents filed a consolidated response. [Doc. 10]. The Court addresses the Petition without waiting for a reply. *See* D.C.COLO.LCivR 7.1(d). For the following reasons, the Petition is respectfully **GRANTED in part**.

## BACKGROUND

Petitioner Yasmani Hernandez Lopez ("Petitioner" or "Mr. Hernandez Lopez") is a native and citizen of Cuba. [Doc. 1 at 5]. He first entered the United States through Los Callos, Florida in June 2005. [*Id.*]. He was paroled into the country and "applied for the Cuban Adjustment [but] never got the Permanent Residence." [*Id.*]. In 2006, Petitioner

[1] Pursuant to Rule 25(d), David J. Venturella is automatically substituted as a party in his official capacity. Fed. R. Civ. P. 25(d).

was arrested on criminal charges in Miami, Florida and sentenced to five years in prison and nine years of probation. [*Id.*]. On February 25, 2010, "an Immigration Judge ordered [his] removal from the United States." [*Id.* at 6; Doc. 1-1 at 6–7]. Sometime in 2010, he was detained by U.S. Immigration and Customs Enforcement ("ICE") in Atlanta, Georgia, and "after 180 days of custody [he] was release[d] under Supervision." [Doc. 1 at 5].

On August 19, 2026, Petition was arrested and detained by "strange people who never identified as ICE Agents." [*Id.*]. Petitioner alleges he was not served with an arrest warrant nor "any other document concerning my detention." [*Id.*]. He remains in detention at ICE's detention center in Aurora, Colorado. [*Id.*]. Based on these facts, Petitioner claims that his re-detention and revocation of his supervised release violate both due process and applicable regulations.[2] [*Id.* at 5 (Claims Two and Three)]. For relief, he requests "immediat[e] release" from custody. [*Id.* at 13].

Respondents have elected not to submit "a brief in opposition to the Petition detailing the facts and circumstances of this case." [Doc. 10 at 1]. They "recognize that the Court may then decide to grant the Petition and award appropriate relief" and assert that "appropriate relief would be an order directing Petitioner's release on conditions to be set by the Department of Homeland Security." [*Id.* at 1–2].

## LEGAL STANDARDS

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United

[2] Petitioner also asserts three other claims. [Doc. 1 at 5]. Because the Court finds that Petitioner is entitled to habeas relief on Claims Two and Three, it does not address his remaining claims. *See Sanchez v. Bondi*, No. 25-cv-02287-CNS, 2025 WL 3484756, at *1 (D. Colo. Dec. 4, 2025); *Zhu v. Genalo*, 798 F. Supp. 3d 400, 415 (S.D.N.Y. 2025).

States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004).

Because Petitioner proceeds *pro se*, the Court affords his filings a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). Liberal construction "means that if the court can reasonably read the pleadings to state a valid claim on which the [litigant] could prevail, it should do so despite the [litigant]'s failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). That said, the Court may not "assume the role of advocate for the pro se litigant." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110).

## ANALYSIS

The Court finds that Petitioner should be released, subject to any previous conditions of supervision. The procedures for revoking an order of supervision are prescribed by 8 C.F.R. § 241.4(l) and 8 C.F.R. § 241.13(i). Revocation of release requires that (1) the noncitizen "be notified of the reasons for revocation of his or her release" and (2) the noncitizen be "afforded an initial informal interview promptly after his or her return to . . . custody to afford the [noncitizen] an opportunity to respond to the reasons for revocation stated in the notification." 8 U.S.C. § 241.4(l); *see also Olivera-Martinz v. Valdez, et al.,* No. 26-cv-01120-NYW, 2026 WL 1361538, at 83, n.2 (D. Colo. May 15,

2026) (noting that courts routinely interpret this regulation as requiring notice and informal interview upon revocation of release regardless of reason for revocation). Additionally, § 241.4(l)(2) requires that the decision to revoke release must be made either by the Executive Associate Commissioner or, under certain circumstances, a district director. 8 C.F.R. § 241.4(l)(2).

This Court, along with other courts across the country, have held that (1) ICE violating its own regulations in detaining an individual is a due process violation, and (2) this violation makes the detention unlawful and the proper remedy is release. *See, e.g.*, *Olivera-Martinez,* 2026 WL 1361538, at *3; *see also Sanchez v. Bondi*, No. 25-cv-02287-CNS, 2025 WL 3484756, at *2 (D. Colo. Dec. 4, 2025) (ordering release of noncitizen when ICE failed to follow its own regulations in revoking supervised release) (collecting cases); *Nguyen v. Hyde*, 788 F. Supp. 3d 144, 152–53 (D. Mass. 2025) ("ICE, like any agency, has the duty to follow its own federal regulations. . . . As here, where an immigration regulation is promulgated to protect a fundamental right derived from the Constitution or a federal state and ICE fails to adhere to it, the challenged action is invalid." (cleaned up) (citing *Zadvydas*, 533 U.S. at 690)); *Guerra v. Bondi*, No. 25-cv-01240-G, 2026 WL 114258, at *8 (W.D. Okla. Jan. 15, 2026) ("Habeas corpus relief is warranted" where "Respondents' failure to comply with § 241.4(l)(3) resulted in redetention, accompanied by a lack of notice or a meaningful opportunity to respond."); *Funes v. Francis*, 810 F. Supp. 3d 472, 502 (S.D.N.Y. 2025) (finding that the court must order the petitioner's release in "align[ment] with numerous cases releasing habeas petitioners held in custody following procedural due process violations" (collecting cases)); *Grigorian v. Bondi*, No. 25-cv-22914-RAR, 2025 WL 2604573, at *9–10 (S.D.

Fla. Sept. 9, 2025) ("The failure to provide Petitioner with an informal interview promptly after his detention or to otherwise provide a meaningful opportunity to contest the reasons for revocation violates both ICE's own regulations and the Fifth Amendment Due Process Clause. This compels Petitioner's release. Courts around the country have concluded likewise." (collecting cases)).

Petitioner argues that the revocation of his longstanding supervised release did not comply with the above regulations. [Doc. 1 at 5–7 (alleging that he was not notified "with a warrant . . . or any other document concerning my detention," was not given an opportunity to respond, and did not receive any notice "of the reasons for revocation" or "that the decision to revoke my release or OSUP was made by the Executive Associate Commissioner or by a District Director as required b[y] the Regulation")]. Respondents make no attempt to dispute these allegations or argue in any way that the applicable regulations were complied with before Petitioner's supervised release was revoked. *See* [Doc. 10]. Respondents' detention of Petitioner therefore violates due process, and release is the appropriate remedy. *See Olivera-Martinez,* 2026 WL 1361538, at *3; *see also* [Doc. 10 at 2].

Respondents propose that "the appropriate relief would be an order directing Petitioner's release on conditions to be set by the Department of Homeland Security." [Doc. 10 at 2]. As this Court has explained, however, the appropriate remedy is release under the same conditions (if any) that were in effect before the unlawful re-detention. *See Lopez Garcia v. Baltazar*, No. 26-cv-03936-NYW, 2026 WL 2675927, at *3 (D. Colo. Sept. 11, 2026). Accordingly, the Court respectfully **GRANTS** the Petition as to Claims Two and Three and **ORDERS** Respondents to immediately release Mr. Hernandez

Lopez, subject to any terms of previous supervision, **within 48 hours of the entry of this Order**.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1) The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **GRANTED in part** as set forth herein;

(2) Respondents are **DIRECTED** to immediately release Petitioner, subject to any previous conditions of supervision, **within 48 hours of the entry of this Order**; and

(3) No later than **September 25, 2026,** Respondents shall file a Status Report confirming Petitioner's release.

DATED: September 17, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge